**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

John Arthur James, III, Appellant.

Appellate Case No. 2018-001080

———————

Appeal From Williamsburg County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-023
Submitted November 1, 2020 – Filed January 27, 2021

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————

**PER CURIAM:** John Arthur James, III appeals his conviction and aggregate twenty-year sentence for assault and battery of a high and aggravated nature and possession of a weapon during a crime of violence. On appeal, James argues the

trial court erred in denying his request to charge the jury on the lesser-included offense of second-degree assault and battery.

The evidence presented at trial showed the victim was shot and his injuries required surgery.  Specifically, the victim had six holes in his intestines, which were leaking stool into the victim's abdominal cavity.  The victim's surgeon testified the victim lost fifteen inches of his intestine and he would have died without surgery to repair the holes in his intestine.  Because there is no evidence tending to show the jury could have found James guilty of the lesser-included offense rather than the crime charged, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Niles*, 412 S.C. 515, 521, 772 S.E.2d 877, 880 (2015) ("In criminal cases, the appellate court sits to review errors of law only. Thus, [the appellate court] is bound by the trial court's factual findings unless the appellant can demonstrate that the trial court's conclusions either lack evidentiary support or are controlled by an error of law." (citation omitted)); *State v. Mattison*, 388 S.C. 469, 478, 697 S.E.2d 578, 583 (2010) (stating that in reviewing jury charges for error, the appellate court must consider the trial court's jury charge as a whole in light of the evidence and issues presented at trial); *State v. Gilmore*, 396 S.C. 72, 76, 719 S.E.2d 688, 690 (Ct. App. 2011) ("If there is evidence in the record from which the jury could infer the defendant is guilty of the lesser-included offense, rather than the crime charged, the trial judge must instruct the jury on the lesser-included offense."); *State v. Byrd*, 323 S.C. 319, 321, 474 S.E.2d 430, 431 (1996) (stating an appellate court views the facts in the light most favorable to the defendant when determining whether the evidence requires a charge on a lesser-included offense); *Gilmore*, 396 S.C. at 77, 719 S.E.2d at 690-91 (stating an appellate court "must reverse and remand for a new trial if the evidence in the record is such that the jury could have found the defendant guilty of the lesser offense instead of the crime charged"); S.C. Code Ann. § 16-3-600(B)(1) (2015) ("A person commits the offense of assault and battery of a high and aggravated nature if the person unlawfully injures another person, and: (a) great bodily injury to another person results; or (b) the act is accomplished by means likely to produce death or great bodily injury."); S.C. Code Ann. § 16-3-600(A)(1) (2015) (defining "[g]reat bodily injury" as "bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ"); S.C. Code Ann. § 16-3-600(D)(1)(a) (2015) ("A person commits the offense of assault and battery in the second degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so . . . [and] moderate bodily injury to another person results or moderate bodily injury to another person could have resulted . . . ."); S.C. Code Ann. § 16-3-600(A)(2) (2015) (defining "[m]oderate

bodily injury" as a physical injury that "causes temporary or moderate disfigurement or temporary loss of the function of a bodily member or organ").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.